UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SANU MILLARD, et al.,**<br>**Individually and on behalf of others similarly situated,**<br><br>Plaintiff,<br><br>   v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA,**<br><br>Defendant. | Civil Action No: 22-02672 (RCL) |

**PLAINTIFFS' MOTION TO STAY DEADLINE TO FILE MOTION FOR CLASS ACTION TREATMENT**

Plaintiffs hereby respectfully move this Court to stay plaintiffs' deadline under LCvR 23.1(b) for Plaintiffs to file their motion for class action treatment until at least the date of the Rule 16 scheduling conference. Plaintiffs proposes that if plaintiffs survives a motion to dismiss that the Court set a briefing schedule for the motion for class action treatment as part of the Scheduling Order.

The deadline for filing the motion for class action treatment under LCvR 23.1(b) is about 12/6/2022 so the time for filing this motion has not expired.

**Consent sought and pending.**

Pursuant to Local Rule (7)(m) Plaintiffs sought Defendant's consent to this motion by including a copy of the motion in the service package served on the District vias email to Chad Copeland, Lisa Stephanie, and Tonia Robinson on November 24, 2022. Plaintiffs also sought

1

consent by Chad Copeland, Lisa Stephanie, and Tonia Robinson on November 28, 2022, by emailing a copy of the motion to stay to them and asking for their consent.

Plaintiffs will file a *praecipe* with the District's position on the motion when Plaintiffs learns it.

## Motion timely filed.

This motion is filed within the expiration of the 90 day period of LCvr23.1(b) because it is filed within 90 days of the filing of the original complaint [ECF No. 1], filed 9/8/2022.

## Applicable law supports granting the motion.

LCvR 23.1(b) requires a motion for class action treatment to be filed within 90 days of the filing of a class action complaint unless the court in the exercise of its discretion has extended this period. *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 53-55 (D.D.C. 2007).

Plaintiff believes that extending the deadline for filing the motion until the Scheduling Conference would conserve scarce judicial resources and the resources of the parties.

Since a decision on the motion to dismiss may render all class certification issues moot, the Court may properly refuse to entertain motions for class certification and related discovery until after motion to dismiss has been resolved. *See Hernandez v. Williams, Zinman & Parham, P.C.*, No. CV-12-731-PHX-SMM, 2013 U.S. Dist. LEXIS 199586, at *3 (D. Ariz. July 30, 2013)(decision on merits may render all class certification issues moot, so Court may properly refuse to entertain motions for class certification and related discovery until dispositive motions have been resolved).

Rule 6(b) authorizes, for good cause shown, extensions of time prior to expiration of any time period. *Pineda v. Am. Plastics Techs., Inc.*, 2014 U.S. Dist. LEXIS 67241, *23-24 (S.D. Fla. May 15, 2014). Courts routinely grant such motions in the absence of prejudice to the opposing

party, Id., especially where the party in seeking extension has been diligent. *Barnes v. D.C.*, 289 F.R.D. 1, 7 (D.D.C. 2012). District courts have broad discretion whether to grant or deny continuances filed before the deadline. *D.A. v. District of Columbia*, 2007 U.S. Dist. LEXIS 90640, *14-15 (D.D.C. Dec. 6, 2007).

The motion is supported by good cause because plaintiff has "a valid reason for delay[,]" *Mann v. Castiel*, 681 F.3d 368, 375 (D.C. Cir. 2012).

| | |
|---|---|
| Respectfully submitted,<br><br>/s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for plaintiff<br><br>ClaiborneLaw<br>717 D Street, N.W<br>Suite 300<br>Washington, DC 20004<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | |