# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SANU MILLARD**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA**,<br><br>Defendant. | Civil Action No. 1:22-CV-02672-RCL |

## DEFENDANT'S MOTION FOR REASSIGNMENT

Defendant the District of Columbia (District) moves to return this case to the Calendar Committee for reassignment because it is not a "Related Case" to *Smith v. Government of the District of Columbia*, No. 1:15-cv-00737-RCL, under Local Civil Rule (LCvR) 40.5. A memorandum of points and authorities as well as a proposed order are attached. Pursuant to LCvR 7(m), the undersigned discussed the subject motion with opposing counsel, who did not consent to the requested relief herein.

Date: December 6, 2022

                                                  Respectfully submitted,

                                                  KARL A. RACINE<br>
                                                  Attorney General for the District of Columbia

                                                  CHAD COPELAND<br>
                                                  Deputy Attorney General<br>
                                                  Civil Litigation Division

                                                  */s/ Matthew R. Blecher*<br>
                                                  MATTHEW R. BLECHER [1012957]<br>
                                                  Chief, Civil Litigation Division, Equity Section

                                                  ANDREW J. SAINDON [456987]<br>
                                                  Senior Assistant Attorney General

                                        */s/ Adam J. Tuetken*
                                      ADAM J. TUETKEN [242215]
                                      Assistant Attorney General
                                      Civil Litigation Division
                                      400 6th Street, NW
                                      Washington, D.C. 20001
                                      Phone: (202) 735-7474
                                      Email: adam.tuetken@dc.gov

                                      *Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANU MILLARD, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **GOVERNMENT OF THE DISTRICT OF COLUMBIA,** <br><br> **Defendant.** | Civil Action No. 1:22-CV-02672-RCL |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR REASSIGNMENT

Plaintiffs in this case challenge District laws prohibiting individuals with a history of violence from registering handguns or obtaining a concealed carry license. When Plaintiffs filed their Complaint [1], they also filed a Notice of Related Case [2], asserting that this case "involves common issues of fact" and "grows out of the same event or transaction" as a pending case before this Court, *Smith v. Government of the District of Columbia*, No. 1:15-cv-00737-RCL, which challenges different (and now superseded) District gun laws. But Plaintiffs are incorrect: *Smith* is not related to this case. The Court should therefore return this case to the Calendar and Case Management Committee for random reassignment.

**I.      Related Case Designations**

Generally, newly filed cases are assigned randomly to a judge. *United States v. Volvo Constr. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013) (Lamberth, J.). Local Civil Rule 40.5 "stands as an exception to the general rule" and "provides that, in the interests of judicial economy, '[w]here the existence of a related case in this court is noted at the time . . . the complaint is filed, the Clerk shall assign the new case to the judge to whom the oldest related

case is assigned.'" *Id.* (quoting LCvR 40.5(c)(1)). "The party requesting related-case designation and seeking to avoid random assignment bears the burden of showing that the cases are related . . . ." *Id.* (internal quotation marks omitted) (quoting *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010)).

Cases are related when, for one, they "involve common issues of fact." LCvR 40.5(a)(3). As the Rule's text indicates, related cases require "common issues of *fact*—not common issues of *law*." *J&K Prods., LLC v. Small Bus. Admin.*, 589 F. Supp. 3d 95, 98 (D.D.C. 2022). And those facts must be "common," not just "similar." *Dakota Rural Action v. U.S. Dep't of Agric.*, No. 18-cv-2852, 2019 WL 1440134, at *2 (D.D.C. Apr. 1, 2019). In other words, "analyzing the same kinds of facts . . . is insufficient." *Id.* Moreover, cases are not related if they "focus on different events, involve different time periods, and turn on distinct legally theories." *Klayman v. Porter*, No. 20-cv-3109, 2021 WL 1668067, at *3 (D.D.C. Apr. 28, 2021). Cases are not related, too, when they "involve different claims," *Trump v. Comm. on Ways & Means, U.S. House of Representatives*, 391 F. Supp. 3d 93, 96 (D.D.C. 2019), because "distinct claims present discrete 'issues of fact' to be resolved," *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 122 (D.D.C. 2019). Accordingly, when cases challenge different laws or government actions, or challenge them on different grounds, courts have found the cases unrelated. *See, e.g.*, *Wash. All. of Tech. Workers v. Dep't of Homeland Sec.*, No. 16-cv-1170, 2016 WL 11184186, at *2 (D.D.C. June 24, 2016) (finding cases not related because they challenged two different agency rules and involved different types of challenges); *Haitian Bridge All. v. Biden*, No. 21-cv-3317, 2022 WL 2132439, at *2 (D.D.C. June 14, 2022) (finding cases not related because, "although each of the three cases at issue involve claims challenging the lawfulness of the Title 42 Process, they do so to different degrees").

2

Cases may also be related when they "grow out of the same event or transaction," LCvR 40.5(a)(3), which involves similar considerations as those above, *see, e.g.*, *Volvo*, 922 F. Supp. 2d at 69; *Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000). In addition, courts look for an "event or transaction that uniquely precipitated" the two cases. *McGahn*, 391 F. Supp. 3d at 122. In cases arising from several events, that both cases share one of those events is not enough to make them related "on the whole." *Lucas v. Barreto*, No. 04-cv-1262, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005).

## II. *Smith* and This Case

Plaintiffs assert that *Smith* and this case satisfy the Rule. *See* Notice. *Smith* arose from the arrests and prosecutions of the plaintiffs there for certain gun crimes under District law. *Smith v. District of Columbia*, 568 F. Supp. 3d 55, 60 (D.D.C. 2021). The *Smith* plaintiffs, on behalf of themselves and a putative class, challenged three aspects of District law:

(1) a ban on carrying a weapon, D.C. Code § 22-4504(a) (2014), which was struck down in 2014 and repealed in 2015;

(2) a ban on firearm and ammunition possession by non-residents, which was a product of (a) a ban on possession of firearms not registered in the District, D.C. Code § 7-2502.01 (2012), which was repealed in 2015; (b) a related "provision that essentially limited handgun registration to D.C. residents," D.C. Code § 7-2502.02 (2012), which was also repealed in 2015; and (c) a ban on "possession of ammunition by one who does not have a D.C. registered firearm," D.C. Code § 7-2506.01 (2013); and

(3) an alleged policy by the Metropolitan Police Department ("MPD") of seizing and keeping guns following arrests for violations of the above laws. *Smith*, 568 F. Supp. 3d at 58–60.

3

The *Smith* plaintiffs alleged their arrests and prosecutions under those provisions violated their Second Amendment rights, their Fifth Amendment rights to travel and to equal protection, and their Fourth Amendment rights against unreasonable searches and seizures. *Id.* at 62–68. The Court granted summary judgment to the plaintiffs on the Second and Fifth Amendment claims and summary judgment to the District on the Fourth Amendment claim. *Id.* at 68. The Parties then began mediation regarding relief and class certification, which continues today, and the case has been stayed.

Now consider this case. Plaintiffs here, on behalf of themselves and putative class, challenge three aspects of District law:

(1) a provision allowing the Chief of MPD to deny or revoke a concealed carry license if the applicant has "exhibited a propensity for violence or instability," DCMR § 24-2335(d);

(2) provisions allowing the Chief to deny or revoke firearm registration certificates to individuals who have "a history of violent behavior," D.C. Code § 7-2502.03(a)(6A); DCMR § 24-2309(f); and

(3) the Chief's procedures for denying or revoking licenses or registration and the District's procedures for appealing those decisions. Compl. ¶¶ 193–247.

Plaintiffs allege that these provisions allowed the Chief to deny or revoke their licenses or registration and that these provisions violate the Second Amendment and are void for vagueness under the Fifth Amendment. Compl. ¶¶ 193–238. Plaintiffs also allege that the procedures used to deny or revoke their licenses or registration violate procedural due process under the Fifth Amendment. *Id.* ¶¶ 239–47.

### III. **The Two Cases Are Not Related.**

*Smith* and this case are not related. First, they do not involve any of the same facts and do not grow out of the same event or transaction. *Smith* arose from arrests, while this case arises

4

from application processes. And there is no overlap between the two sets of plaintiffs. So these cases "focus on different events" and "involve different times periods." *Klayman*, 2021 WL 1668067, at *3.

Second, the cases do not challenge any of the same laws. *Smith* challenged a general ban on public carry, a ban on firearm and ammunition possession by non-residents, and an MPD policy of seizing firearms. And most of the laws challenged in *Smith* are no longer in effect. This case challenges restrictions on granting licenses and registration to potentially violent individuals and the processes used to make those determinations. So these cases "challenge[ ]" "different" laws, and there will be "numerous issues . . . unique to one case or the other." *Wash. All. of Tech. Workers*, 2016 WL 11184186, at *2; *see Haitian Bridge All.*, 2022 WL 2132439, at *2 (noting that cases may be related when they "challenged the same governmental regulations").

Third, the cases do not involve the same claims. Setting aside for a moment the Second Amendment claims, the *Smith* plaintiffs brought equal protection, right to travel, and Fourth Amendment claims, while this case has vagueness and procedural due process claims. Even the Second Amendment claims in the two cases are different: The main theory in *Smith* was that the laws there were unconstitutional because they effected "complete ban[s]." 568 F. Supp. 3d at 62. Here, by contrast, Plaintiffs' main theory appears to be that the laws and the Chief's application of them are too subjective, resulting in denials for nonviolent individuals. *See* Compl. ¶¶ 198–200, 212–14. So these cases "involve different claims," *Trump*, 391 F. Supp. 3d at 96, which will "present discrete 'issues of fact' to be resolved," *McGahn*, 391 F. Supp. 3d at 122.

The only basis, then, for Plaintiffs' related-case designation seems to be that both cases involve gun registration and licenses and invoke the Second Amendment. That supposed

connection is "too tenuous to establish relatedness." *J&K Prods.*, 589 F. Supp. 3d at 98. The cases involve different registration and licensing laws, different events, different plaintiffs, different claims, and different legal theories. That the cases could fall under the overall heading of "gun registration and licensing" does not make them related. *See, e.g.*, *id.* (cases challenging administration of government program were not related when they involved separate agency decisions when administering that program); *Haitian Bridge All.*, 2022 WL 2132439, at *2 (cases challenging government program were not related when they challenged different specific aspects of program). Were it otherwise, every Second Amendment case brought in this Court would be related to the one before it, and the one before that, and so on. That cannot be—and indeed is not—the meaning of "related" under this Court's local rules.

## CONCLUSION

For these reasons, the Court should grant this Motion and return this case to the Calendar and Case Management Committee for reassignment.

Date: December 6, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

ANDREW J. SAINDON [456987]
Senior Assistant Attorney General

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
Assistant Attorney General
Civil Litigation Division
400 6th Street, NW

6

Washington, D.C. 20001
Phone: (202) 735-7474
Email: adam.tuetken@dc.gov

*Counsel for Defendant*