UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SANU MILLIARD, et al.,**<br>On behalf of themselves and all others similarly situated,<br>Plaintiff,<br>v.<br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA,**<br>Defendant. | Civil Action No.: 22-2672 (RCL) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR REASSIGNMENT**

Defendant District of Columbia's motion for reassignment [ECFNo. # 12] should be denied because *Smith v. District of Columbia*, 9-1482 (RCL) ("*Smith*") was "still pending on the merits in the District Court" when plaintiffs filed this case on 5/15/2015 [Document # 1]. Therefore, this case is "related" to *Smith* under the plain meaning of the text of LCvR 40.5(a)(3), LCvR 40.5(b)(3), and LCvR 40.5(c)(1) ("related case rule[1]").

A careful reading of the related case rule shows that the District's motion fails because the District disregards the key fact that plaintiffs filed their complaint while *Smith* was "still pending on the merits." LCvR 40.5(a)(3), LCvR 40.5(b)(3), and LCvR 40.5(c)(1).

An analysis of the purpose of the related case rule – to promote judicial efficiency – supports this reading of the rule.

**DISCUSSION**

Generally speaking, the "related case rule" authorises the assignment of a new or "later-numbered" case to the judge to whom the oldest or "earliest" related case is already assigned. See LCvR 40.5(a)(3), LCvR 40.5(b)(3), and LCvR 40.5(c)(1). It is an exception to the general rule of case assignment which requires that newly filed cases be randomly assigned. United States v. Volvo Constr. Equip. Ab, 922 F. Supp. 2d 67, 68 (D.D.C. 2013) citing Tripp v. Exec. Office of President, 196 F.R.D. 201, 202 (D.D.C. 2000) (three-judge calendar committee).

**1.    This case is related to *Smith* under local civil rule 40.5**

A careful reading of the text of the related case rule shows that it applies to this case because under local civil rule 40.5(a)(3)(ii) because the cases involve common issues of fact, and under LCvR 40.5(a)(3)(iii) because they grow out of the same event or transaction.

The common issue of fact, and the same event or transaction, is the government of the District of Columbia's policy and practice of denying guns to law abiding people, residents, and non-residents alike.

In *Smith*, the District effected its policy and practice of denying guns to law-abiding people by allowing only residents to register guns, and only for use in the home, and by denying everyone licenses to carry a handgun in public.

In this case, the District effects its policy by allowing the Chief to promulgate overly restrictive registration regulations, and to use the licensing criteria to deny licenses to people the Chief, in the Chief's unfettered discretion, considers unsuitable.

But, the facts of the practice remain the same.

**CONCLUSION**

Therefore, the District's motion should be denied.

Respectfully submitted,
/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

Counsel for Ms, Smith on behalf of herself and the putative class members

717 D Street, NW
#300
Washington, DC 20004
Phone: 202/824-0700
Email: claibornelaw@gmail.com