# EXHIBIT C

# Key Order to Dismiss

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**CONCEALED PISTOL LICENSING REVIEW BOARD**

**Case Number:  2021-140**



**ORDER TO DISMISS WITHOUT PREJUDICE**

In the above-referenced case, the Concealed Pistol Licensing Review Board ("Board") relies on D.C. Official Code § 7–2509.02(a)(2), which states that "[a] person who submits [a CPL] application shall certify and demonstrate to satisfaction of the Chief that he or she … [m]eets all of the requirements for a person registering a firearm pursuant to this unit, and has obtained a registration certificate for the pistol that the person is applying to carry concealed" [emphasis added]. The applicable regulations at 24 DCMR § 2332.1(b) similarly provide that "[a] person is eligible for [a CPL] only if the person … meets all the requirements for a person registering a firearm…."

The Board finds that the applicable District law and rules clearly require that a concealed pistol license ("CPL") applicant first must establish that he or she "has obtained a registration certificate" for the weapon that he or she "is applying" to carry concealed.

The record in this case does not reflect that the issuing authority, the Chief of the Metropolitan Police Department ("Chief"), has granted **Anthony Key** ("appellant") a registration certificate, likely due to a finding of appellant's ineligibility pursuant to D.C. Official Code § 7-2502.03(a) (setting forth provision disqualifying persons from firearms registration certificates).  In any event, because District law is clear that the Chief must issue a registration certificate as a prerequisite to considering a CPL application, this appeal hereby is **DISMISSED WITHOUT PREJUDICE**.

The Board notes that it appears the Chief's conclusion was based on a finding that appellant may have been subject to disqualifying weapons offense pursuant to section 7–2502.03(a)(2).  *See* Notice of Denial, reflecting among other things, a 2020 Assault with dangerous weapon (CPWL)(DV). The case was disposed with a guilty plea and Nolle Diversion-Dismissal Agreement. *See* Chief's Memorandum, CPL Application Denial Summary Details, dated August 26, 2021.  Therefore, the absence of the prerequisite firearms registration certificate in the record compels the Board to dismiss this appeal without prejudice.

Appellant may appeal the Chief's decision, which effectively denies appellant's prerequisite firearms registration certificate, to the Office of Administrative Hearings via email at Oah.filing@dc.gov pursuant to D.C. Official Code § 7-2502.10(b). Should the Chief subsequently grant the appellant a firearms registration, the appellant may resubmit to the Chief his perfected CPL application. Should the Chief deny that CPL application, appellant may resubmit his appeal to the Board.

The Chairperson issues this dismissal pursuant to her authority under 1 DCMR § 1200.5, which states that the Board may, for good cause shown, waive any of the provisions of the chapter if, in the judgment of the Board, the waiver will not prejudice the rights of any party and is not otherwise prohibited by law. The provision waived is the convening of a panel or full Board meeting for the purposes of determining that this appeal be dismissed.

_*Alicia Washington*_____                          _August 31, 2021___
Chairperson                                          Date


cc:     Betsy Cavendish, Mayor's Office of General Counsel


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of September, 2021, a copy of the Order to Dismiss was emailed to the Firearms Registration Unit Supervisor, authorized by the Chief of Police to act as his designee in this capacity (pursuant to the Firearms Regulations Control Act of 1975, effective January 6, 2015 (D.C. Act 20-564) and 24 DCMR § 2399) and emailed to the appellant at jas@scrofanolaw.com.


ADMINISTRATOR OR DESIGNEE SIGNATURE:          *D. Creek*

2