# EXHIBIT H

# Steptoe Apr. 19, 2022 Appeal

ScrofanoLaw PC

www.scrofanolaw.com

DC Office - 600 F St NW - Suite 300 - Washington, DC 20004 - Ph: (202) 765-3175
MD Office - 2 Wisconsin Circle - Suite 700 - Chevy Chase, MD 20815 - Ph: (301) 916-4226

April 19, 2022

Bernie Greene
Director of Records Division
Metropolitan Police Department
300 Indiana Avenue NW
Washington, D.C. 20001

Re: Firearm Registration # 202006266

## APPEAL OF NOTICE OF REVOCATION OF FIREARM REGISTRATION, DATED APRIL 5, 2022

### BACKGROUND

Please consider this letter as an Appeal of the Notice of Revocation of Firearm Registration dated April 5, 2022 for registrant Keontae Steptoe. Mr. Steptoe argues, through counsel, that the revocation should be overturned.

On December 22, 2021, the Chief's designee, Captain Colin Hall, of the Firearms Registration Branch issued a Notice of Revocation [hereinafter the "Notice"] to Appellant Keontae Steptoe [hereinafter "Mr. Steptoe"]. The Notice revoked Mr. Steptoe's Concealed Carry Permit [hereinafter "CCP"] pursuant to D.C. Code Sec. 7-2509.05(a)(1) and 24 D.C.M.R. Sec. 2341.1 and 2344.2(d). The Notice cited to the following violation as the basis to revoke:

> Fail to carry a pistol in a holster on your person in a firmly secure manner that is reasonably designed to prevent loss, theft, or accidental discharge.

On January 28, 2022, Mr. Steptoe, through counsel, timely filed an appeal pursuant to 1 D.C.M.R. Sec. 1202. The appeal included a Declaration by Mr. Steptoe attesting to the fulfillment of his duties as a Concealed Carry License holder.

On March 11, 2022, a Panel of the Concealed Pistol Licensing Review Board ["Panel"] reviewed Mr. Steptoe's appeal and the Chief's Notice to revoke his CCP. The Panel issued an Order to Stay the proceedings in this case and remand to the Chief, pursuant to D.C. Mun. Regs. tit. 1, § 1211.1, and it specifically Ordered the Chief to address the following:

> Please explain why the Chief did not improperly rely on 24 DCMR § 2344.2 as the basis for the revocation decision. That is, it appears that the applicable regulation in this case is not subsection 2344.2, as the Chief asserts, but rather, subsection 2344.1, providing that a "a licensee shall carry any pistol… when in a vehicle in such a way as it is entirely hidden from view of the public." The record reflects that appellant was stopped by law

enforcement in his vehicle, and that his "firearm was [found] in the glovebox with a full 10 round magazine inserted." *See* Chief's File, at 11. As such, it appears that appellant's firearm, located in the glovebox of his vehicle, was properly carried in compliance with § 2344.1. *See Exhibit A*.

Rather than file a responsive pleading to the Board's Order, on April 5, 2022, the Chief's designee, Lieutenant Brian Brown, of the Firearms Registration Branch issued a Notice of Revocation of Firearm Registration [hereinafter the "Notice"] to Appellant Keontae Steptoe. The Notice revoked Mr. Steptoe's Firearm Registration Certificate pursuant to D.C. Code Sec. 7-2502.09(a)(1). The Notice cited to the following reasons as the bases to revoke:

> D.C. Code § 7-2502.03(a)(6A) prohibits firearm registration for individuals who have had a history of violent behavior within the past five years. Please note that this criteria does not require criminal convictions.
>
> On April 5, 2017, you threatened to shoot someone before fleeing the scene in a vehicle. (CCN: 17-055-197)
>
> On April 29, 2020, there was a sound of gunshots call in the 1300 block of Fairmont Street, NW. Officers were dispatched and, upon arrival, they located multiple spent shell casings and a crime scene. Shortly thereafter, you delivered the shooting victim to an area hospital. (CCN: 20-065-194)
>
> On November 28, 2021 in the 1300 block of Fairmont Street, NW, you attempted to interfere with a police investigation by assaulting a police officer and resisting arrest. You were additionally found to be in possession of a quantity of marijuana, the amount of which was more consistent with the intent to distribute the drug.
>
> On December 13, 2021, you were arrested for Possession with Intent to Distribute Marijuana while Armed. The officers recovered various forms of leafy green substance that tested positive for Marijuana, and located your registered firearm loaded and improperly stored in the glove box of your vehicle.

The Board then dismissed Mr. Steptoe's pending CPL appeal for the following reasons: appellant must obtain a valid registration prior to qualifying for a CPL; the Chief has revoked appellant's registration; and, the Board has no jurisdiction to adjudicate a firearms registration. *See Exhibit B*.

Pursuant to D.C. Code § 7-2502.10(a), Keontae Steptoe, through counsel, now timely submits this Appeal of the Notification of Firearms Registration Revocation, issued April 5, 2022, to the Chief's designee.

## ARGUMENT

MPD should not have revoked Mr. Steptoe's registration. The Panel Ordered the Chief to provide why an improper D.C.M.R. section was applied as the basis to revoke Mr. Steptoe's

2

concealed carry license, and it determined that "it appears that appellant's firearm, located in the glovebox of his vehicle, was properly carried in compliance with § 2344.1." *See Exhibit A*. Instead of directly addressing the Panel's Order by providing the correct applicable code for this revocation, particularly after the Panel indicated that Mr. Steptoe was a compliant CCP holder, the Lieutenant revoked Mr. Steptoe's firearm registration certificate.

D.C. Code § 7-2502.03(a)(6A) states that a registration certificate shall not be issued to any person unless the Chief determines that such person has not had a history of violent behavior within the *5 years immediately preceding the application*. The April 5, 2022 Notice of Revocation misstates and improperly applies this section of the Code as the basis for revoking Mr. Steptoe's firearm registration, stating that the Code "prohibits firearm registration for individuals who have had a history of violent behavior within the past five years." This provision is important to highlight because Mr. Steptoe applied for a registration certificate in September of 2020. At the time of his application, the Chief had available to him or her Mr. Steptoe's existing law enforcement contacts, which included the 2017 and 2020 incidents now cited as reasons for revoking his firearm registration certificate. In other words, at the time of the application, the Chief considered Mr. Steptoe's criminal history in the preceding five years and approved the application and issued a firearm registration certificate on January 7, 2021. This sequence of events supports the argument that the Notice to revoke Mr. Steptoe's registration is pretextual – not in fact based on Mr. Steptoe's conduct or history. Mr. Steptoe does not have a history of violent behavior and his conduct was found to be in compliance with his duties as a CCP holder. Furthermore, at the time of the Panel's review of Mr. Steptoe's CCP revocation appeal, the Panel did not determine, nor did the Chief argue, that his CCP should be revoked on grounds of violent behavior.

Section 24-2307 of the D.C. Municipal Regulations outlines the criminal disqualifications for registration. Section 2307.1 states that the following records shall be used to determine whether there is *prima facie* evidence of a disqualification: (a) A criminal history record information (as defined in 28 CFR § 20.3(d)) with a disposition showing a conviction or a sentence (including a suspended sentence, probation, incarceration, or a fine); or (b) A record showing a conviction or a sentence. A "history of violent behavior" is defined in D.C.M.R. Section 24-2309.1(f) which includes, but is not limited to, arrests for violation of D.C. Official Code § 22-407 (2012 Repl.), regarding threats to do bodily harm, or D.C. Official Code § 22-404 (2012 Repl.), regarding assaults and threats, any crime of violence as defined in D.C. Official Code § 23-1331(4)(2013 Supp.), or any similar provision of the law of any other jurisdiction so as to indicate a likelihood to make unlawful use of a firearm.

Mr. Steptoe does not have any record of a conviction or a sentence, and thus, his history lacks the *prima face* evidence of disqualification for a registration certificate. Furthermore, the arrests on which the revocation is based do not demonstrate that Mr. Steptoe has a history of violence.

On April 5, 2017, Mr. Steptoe's stepfather was engaged in a verbal altercation with his child's mother, the Complaining Witness. Mr. Steptoe was in no way involved in that altercation and merely witnessed it before his sister dropped him off at school. *See Exhibit C*. Nothing in these facts demonstrate that Mr. Steptoe's behavior is violent and any allegations regarding this

3

incident were known to MPD when it granted his firearm registration in 2020. Moreover, Mr. Steptoe was not arrested in relation to this case. In fact, MPD's failure to arrest Mr. Steptoe for this alleged conduct reflects that the evidence for these false allegations did not even meet the extremely low burden of probable cause. Thus, MPD should exclude this incident in evaluating Mr. Steptoe's file.

On April 29, 2020, Mr. Steptoe acted as a Good Samaritan when he voluntarily assisted the victim of a violent shooting and drove the victim to a local hospital for treatment. Mr. Steptoe's involvement with this incident is limited to his act as a Good Samaritan, which should not be used to implicate him in this crime or to demonstrate a violent history. *See Id*. This incident should be excluded in evaluating Mr. Steptoe's file because he was not arrested for this matter.

On November 28, 2021, Mr. Steptoe attended a party where some of the partygoers were consuming marijuana. That day, police were present in the area outside. Mr. Steptoe saw that his brother was shoved and eventually pushed down the stairs by MPD, so he went to check on his brother's well-being. Mr. Steptoe was then arrested. *See Exhibit C*. This incident does not demonstrate that Mr. Steptoe has a history of violent behavior. It should be noted that there was no attempt to revoke Mr. Steptoe's firearm registration certificate after this arrest or at any point thereafter, until the attempt to revoke his CCP was unsuccessful. Moreover, the police report fails to provide enough facts or adequate notice as grounds to deprive Mr. Steptoe of his Constitutionally protected Second Amendment right, especially since this action is being taken without an adequate hearing. *See Exhibit D*. Ultimately, this no papered case does not demonstrate that Mr. Steptoe has a history of violence.

On December 13, 2021, Mr. Steptoe was arrested for a marijuana-related offense, which is not considered a history of violent behavior under D.C.M.R. Section 24-2309.1(f). The Notice of Firearm Registration again alleges that Mr. Steptoe improperly stored his firearm in the glove box of his vehicle. The Panel, however, already determined that "it appears that appellant's firearm, located in the glovebox of his vehicle, was properly carried in compliance with § 2344.1." Possession of marijuana is legal under District of Columbia law. At the time of this arrest, he held a concealed carry permit and complied with his licensee duties during the interaction with the police. In addition, the government did not formally charge Mr. Steptoe when it determined to no paper the matter. The facts surrounding this arrest do not demonstrate that Mr. Steptoe has a history of violence. *See Exhibit E*.

## **CONCLUSION**

The incidents listed in the Notice of Revocation of Firearm Registration fail to demonstrate that Mr. Steptoe has a "history of violent behavior" under the D.C. Municipal Regulations. Accordingly, the MPD Records Division Director should reverse the determination to revoke his registration.

        Respectfully submitted,

        SCROFANO LAW PC

BY:    Joseph A. Scrofano
        DC Bar No: 994083
        600 F Street NW, Suite 300
        Washington, DC 20004
        Ph: 202-870-0889
        jas@scrofanolaw.com

## **CERTIFICATE OF SERVICE**

    I, Joseph A. Scrofano, do hereby certify that the above Notification of Firearms Registration Revocation was served via email to cplrb@dc.gov and firearms.adminbox@dc.gov this 19th day of April, 2022.

Joseph A. Scrofano
(Attorney for Appellant Keontae Steptoe)