UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANU MILLARD, *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>    *Defendant*. | Case No. 1:22-cv-2672-RCL |

**MEMORANDUM ORDER**

Upon consideration of the defendant's motion to return this case to the Calendar Committee for reassignment, Def.'s Mot. Reassignment, ECF No. 12, the plaintiffs' opposition, Pls.' Mem. Opp'n, ECF No. 15, the applicable law, and the whole record, the Court **GRANTS** the motion and **ORDERS** that the Clerk shall return this case to the Calendar and Case Management Committee for random reassignment.

**I. LEGAL STANDARD**

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *United States v. Volvo Const. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013) (quoting *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000)). An exception to that presumption is located in Local Civil Rule 40.5, which, "in the interests of judicial economy," *id.*, provides that a new case shall be assigned "to the judge to whom the oldest related case is assigned" if the plaintiff notes the existence of a related case at the time of filing. Local Civ. R. 40.5(c)(1). For civil cases to be related "when the earliest is still pending on the merits in the district court," the new case must "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement

1

of the same patent" as the earliest case. Local Civ. R. 40.5(a)(3). The party opposing a related-case designation may make an objection and the judge to whom the case has been assigned shall determine whether the objection is meritorious. Local Civ. R. 40.5(b)(2), (c)(3).

## II. DISCUSSION

Plaintiffs here relied on the related case rule to have this case assigned to the undersigned. Pls.' Notice of Related Case, ECF No. 2. Specifically, when filing a notice of related case, plaintiffs asserted that this new case involves common issues of fact and grows out of the same event or transaction as an earlier pending case, *Smith et al. v. Government of the District of Columbia*, 15-cv-737 (RCL). *Id.* Defendant, meanwhile, asserts that neither applies and therefore this case should be reassigned. The burden is on the party seeking to have a case designated as related to show that Local Civil Rule 40.5 applies. *Volvo Const. Equip. AB*, 922 F. Supp. 2d at 68. Plaintiffs have failed to meet their burden.

Plaintiffs' argument, in its entirety, consists of the following:

> The common issue of fact, and the same event or transaction, is the government of the District of Columbia's policy and practice of denying guns to law abiding people, residents, and non-residents alike.
>
> In *Smith*, the District effected its policy and practice of denying guns to law-abiding people by allowing only residents to register guns, and only for use in the home, and by denying everyone licenses to carry a handgun in public.
>
> In this case, the District effects its policy by allowing the Chief to promulgate overly restrictive registration regulations, and to use the licensing criteria to deny licenses to people the Chief, in the Chief's unfettered discretion, considers unsuitable.
>
> But, the facts of the practice remain the same.

Pls.' Mem. Opp'n 2.

In sum, plaintiffs argue that because the District of Columbia is restricting gun ownership in both cases (thereby evidencing a policy of prejudice against gun ownership), the two cases should be understood as related. But that is decidedly insufficient to establish that both cases involve common issues of fact or grow out of the same event or transaction.

### A. Plaintiffs' Case and *Smith* Do Not Involve Common Issues of Fact

The common issues of fact test largely revolves around whether "the Court will be required to make similar factual determinations in both cases." *Singh v. McConville*, 187 F. Supp. 3d 152, 156 (D.D.C. 2016). That understanding naturally flows from the reason that circumvention of random assignment is sometimes permissible—the importance of judicial economy. *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 118 (D.D.C. 2019). If similar factual determinations are involved in two cases, judicial economy is served by nonrandom assignment. On the other hand, to allow *tangentially* related cases to be assigned to the same judge as an earlier case would be to decrease "fair and equal distribution of cases to all judges," embrace, rather than "avoid[] public perception or appearance of favoritism in assignments," and increase, rather than "reduce[] opportunities for judge-shopping" without a corresponding benefit to judicial economy. *Tripp*, 196 F.R.D. at 202.

To determine whether similar factual determinations are required across both cases, courts have often looked to whether they "focus on different events, involve different times periods, and turn on district legally theories." *See, e.g.*, *Klayman v. Porter*, No. 20-cv-3109 (RDM), 2021 WL 1668067, at *3 (D.D.C. Apr. 28, 2021). Plaintiffs fail on those grounds.

First, the events are dissimilar. *Smith* involved D.C. Code §§ 22-4517, 22-4504, 7-2502.01, 7-2502.02, 7-2506.01, and a policy of seizing and keeping guns after arrests. *Smith v. D.C.* ("*Smith I*"), 387 F. Supp. 3d 8, 15–16 (D.D.C. 2019); *Smith v. D.C.* ("*Smith II*"), 568 F. Supp.

3

3d 55, 58–61 (D.D.C. 2021).  Specifically, *Smith* involved challenges to arrest and post-arrest procedures for guns, along with public carry, ammunition possession, and non-D.C. resident possession, while this case involves "unconstitutional handgun registration and licensing" practices—with no overlapping laws or regulations being challenged.  *Smith I*, 387 F. Supp. 3d at 15–16; *Smith II*, 568 F. Supp. 3d at 58–61; *see* Compl. ¶¶ 1, 193–247, ECF No. 1.  In sum, the instant case and *Smith* involve attacks on different laws, different policies, and involve different circumstances.

Next, the pertinent facts in the two cases occurred during different time periods.  *Smith* focused on prior arrests and post-arrest retentions, while this complaint focuses on current policies and practices for registration and licensing.  *Smith I*, 387 F. Supp. 3d at 15–16; *Smith II*, 568 F. Supp. 3d at 58–61; Compl. ¶¶ 193–247.  The named plaintiffs here applied for licenses, or received a notice of revocation of licensure, between 2019 and 2021, while *Smith* was filed in 2015 and the named plaintiffs were arrested between May 15, 2012, and October 10, 2014.  Compl. ¶¶ 72, 110, 149; *Smith I*, 387 F. Supp. 3d at 15–16; *Smith II*, 568 F. Supp. 3d at 58–61.  The gap alone between the events giving rise to the claims by plaintiffs in this case as compared to the *Smith* case, not to mention the disparate circumstances, strongly counsels against a finding of related cases.

Finally, the legal theories largely differ.  The Court in *Smith* considered a Second Amendment challenge, a Fourth Amendment seizure and retention challenge, a Fifth Amendment right to travel challenge, a Fifth Amendment equal protection challenge, and a Fifth Amendment procedural due process challenge.  *Smith I*, 387 F. Supp. 3d at 15–16; *Smith II*, 568 F. Supp. 3d at 61.  Here the plaintiffs ask the Court to consider a Second Amendment challenge, a Fifth Amendment vagueness challenge, and a Fifth Amendment procedural due process challenge.  Compl. ¶¶ 193–247.  While the Fifth Amendment procedural due process and Second Amendment

challenges invoke the same legal rights, the legal theories still differ across the cases. In *Smith*, the procedural due process challenge focused on the process for seizing of handguns and ammunition, while this case challenges the process for denial and revocation decisions for licensure. *Id.* ¶¶ 239–247; *Smith I*, 387 F. Supp. 3d at 15–16. And while the Second Amendment theories are similar in that they involve restrictions of firearm possession, it cannot be that every case by any plaintiffs challenging gun policies in this District shall be assigned to the undersigned as a related case to *Smith*. The similarity of a Second Amendment challenge, alone, is insufficient to establish common issues of fact.

Given the lack of common factual determinations to be made across the cases, they are not related under the common issues of fact prong.

**B. Plaintiffs' Case and *Smith* Do Not Grow Out of the Same Transaction or Occurrence**

Plaintiffs' alternative basis for having designated the cases as related, that they grow out of the same event or transaction, is even further afield. Cases are not related under the outgrowth test simply because they involve the same defendant or similar topic areas. *See McGahn*, 391 F. Supp. 3d at 122. Rather, this prong is reserved for those situations where some event or transaction "uniquely precipitated this action" in a manner that suggests judicial economy would be gained by the same judge presiding over both. *See id.* These cases involve policies by the District of Columbia that both restrict gun ownership, licensure, and possession, but that is not a unique event overcoming the broader good of random assignment. *See id.*; *Lucas v. Barreto*, No. 04-cv-1262 (EGS), 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005).

### III. CONCLUSION

In sum, plaintiffs' showing has not overcome the important presumption for random assignment of cases. That rule, the heart of which is ensuring that "the People" have confidence

in our judicial system by avoidance of unseemly judge-shopping and favoritism in assignment, is a crucial bulwark for the rule of law. *Tripp*, 196 F.R.D. at 202. The Court jealously guards that policy and will not lightly overrule those important underlying values. Judicial economy can "outweigh[]the negative effects" of nonrandom assignment, but plaintiffs fail to demonstrate such a benefit to judicial economy here. *See Wilderness Soc'y v. Bernhardt*, No. 20-cv-1176 (BAH), 2020 WL 2849635, at *3 (D.D.C. June 2, 2020). Because plaintiffs have failed to show why this case is related to *Smith* within the requirements of Local Civil Rule 40.5, the defendant's objection is sustained.

The Court **ORDERS** that the Clerk shall return this case to the Calendar and Case Management Committee for random reassignment.

**IT IS SO ORDERED.**

Date: March __1__, 2023

_____
Royce C. Lamberth
United States District Judge