# EXHIBIT D

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**CONCEALED PISTOL LICENSING REVIEW BOARD**



**Case Number:  2022-010R**

**ORDER TO STAY APPEAL HEARING**
**IN THE APPEAL OF KEONTAE STEPTOE**

On March 10, 2022, this appeal came before a Panel of the Concealed Pistol Licensing Review Board ("Panel") for consideration of the adverse action regarding the revocation of a concealed pistol license ("CPL") issued by the Chief of the Metropolitan Police Department ("Chief") to appellant, Keontae Steptoe ("appellant"). The Panel consisted of Presiding Member Gary Abrecht, along with Dr. Edwin Powell and Anthony Musa.

The Board's authority to review the Chief's CPL revocation is established in D.C. Code § 7-2509.08(a)(3). The Chief revoked appellant's license in this case based on appellant's unsuitability for a CPL. *See* D.C. Code § 7-2509.11(1)(C).

At the hearing, the Panel reviewed materials submitted by appellant in support of the appeal, and the materials submitted by the Chief in support of the adverse action pursuant to 1 DCMR § 1202.

1. **Appellant's Appeal and Chief's Notice.**  By letter dated January 28, 2022, the Panel received appellant's completed appeal request, along with a copy of the Chief's Notice of Revocation ("Notice") December 22, 2021. The Chief's Notice states that appellant's revocation is pursuant to D.C. Code § 7-2509.05(a)(l) and 24 DCMR § 2341.1, providing that MPD may revoke a license when it is determined that a current licensee no longer satisfies one or more of the concealed carry license qualifications or failed to comply with one or more requirements or duties imposed upon the licensee by the Act or its regulations.

   The Chief based his revocation decision on review of appellant's "actions on December 13, 2021, and the findings that you failed to carry your pistol on your person in a holster" pursuant to § 2344.2. *See* Chief's Notice.  Appellant, however, challenges the action based in part on the following: (1) "[t]he Notice does not indicate that Mr. Steptoe violated the D.C. Municipal Regulations when a concealed carry Licensee is in a *vehicle*;" (2) the applicable regulation in this case, § 2344.1, provides that "[a] licensee shall carry any pistol in a manner that it is entirely hidden from view of the public when carried on or about a person, *or when in a vehicle in such a way as it is entirely hidden from view of the public*;" and, (3) appellant properly "kept his firearm out of view from the public while in his vehicle." *See* Appellant's appeal request, dated January 28, 2022 (emphasis added).[1]

---

[1] Appellant also provided via email on March 7, 2022, copies of his required registration certificate and proof of timely filing of his appeal.

2. **The Chief's File.** On or about March 3, 2022, the Panel received the Chief's File in support of the adverse action. The Chief's file includes the Notice, and the Chief's Memorandum recommending revocation dated December 17, 2021. The Chief's file also included a police report from the December 13, 2021, incident.

**After review of the above-described materials, the Panel voted to stay the proceedings in this case and remand to the Chief pursuant to 1 DCMR § 1211.1, which states that:**

> "At any point in an appeal, if the Board determines that it is necessary or appropriate for resolution of the appellant's appeal, the Board may stay any action on the appeal and submit any issue to the Chief or the appellant for the Chief or appellant's consideration, documentation, or explanation."

The Panel finds that it is necessary or appropriate for resolution of this appeal to stay this action, and to submit to the Chief the issue of the basis of the Chief's revocation of appellant's CPL license. Specifically, the Panel **ORDERS** the Chief to address the following:

> Please explain why the Chief did not improperly rely on 24 DCMR **§** 2344.2 as the basis for the revocation decision. That is, it appears that the applicable regulation in this case is not subsection 2344.2, as the Chief asserts, but rather, subsection 2344.1, providing that "a licensee shall carry any pistol…when in a vehicle in such a way as it is entirely hidden from view of the public." The record reflects that appellant was stopped by law enforcement in his vehicle, and that his "firearm was [found] in the glovebox with a full 10 round magazine inserted." *See* Chief's File, at 11. As such, it appears that appellant's firearm, located in the glovebox of his vehicle, was properly carried in compliance with **§** 2344.1.[2]

In sum, the Panel hereby **ORDERS** the appeal stayed pursuant to 1 DCMR § 1211.1, and further **ORDERS** that the Chief, within ten (10) days of receipt of this Order, shall file with the Panel a response to the above-listed questions. The Panel further **ORDERS** that the Chief, pursuant to 1 DCMR § 1211.2, shall serve a copy of his response on appellant at the email address indicated below and the Panel at cplrb@dc.gov.

In addition, the Panel **ORDERS** that, within ten (10) days after receipt of the Chief's response, the appellant may file a reply with the Panel pursuant to 1 DCMR § 1211.3. Appellant's reply, if any, and consistent with 1 DCMR § 1210 governing summary disposition proceedings, shall include a written argument to the Board concerning:

(1) The existence of any material fact in dispute that would require an evidentiary hearing, and why each such fact is material to the dispute; and/or

(2) If there are no material facts in dispute, why the Chief's action is not rationally supportable and could not have been arrived at reasonably.

---

[2] Section 2344.1 does not indicate whether the firearm is required to be unloaded.

Appellant's submission if any generally should not include any new factual materials or documentation not included in the initial application and appeal materials, or, not responsive to the Chief's submissions. If the appellant chooses not to submit a written argument within the above deadline, the Panel will proceed to render a decision based upon the materials submitted at the time of the appeal, the attached materials submitted by the Chief, and any response to this Order the Chief may submit.

A copy of any appellant submission, to be filed properly, must be submitted to the Board at cplrb@dc.gov, AND <u>must be served on the Chief</u> at bernie.green@dc.gov. **Please note that any emailed submission should be provided in ONE document in .PDF format.** Also please note that, during the current public health emergency, any submissions not emailed to the Panel at cplrb@dc.gov will not be considered in this appeal.

**THEREFORE**, by unanimous vote of the Panel members present, **IT IS ORDERED** that this case is **STAYE**D and that the Chief **RESPOND** to the Order to Stay as detailed herein.

PRESIDING PANEL MEMBER   *Gary L Abrecht*   DATE   March 11, 2022

Cc: Betsy Cavendish, Mayor's Office of General Counsel
Director Bernie Greene, MPD Firearms Registration Branch

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March 2022, the Order to Stay was emailed to the Acting Supervisor, Firearms Registration Unit, authorized by the Chief of Police to act as his designee in this capacity (pursuant to the Firearms Regulations Control Act of 1975, effective January 6, 2015 (D.C. Act 20-564), and 24 DCMR § 2399); and, emailed to appellant's attorney at jas@scrofanolaw.com.

ADMINISTRATOR OR DESIGNEE SIGNATURE: *D. Creek*