UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANU MILLARD<br>1400 Michigan Ave NE<br>Washington, DC 20017<br><br>and<br><br>KENNETH HOPE<br>1112 Thompson Ave<br>Severn, MD 21144,<br><br>and<br><br>KEONTAE STEPTOE<br>5002 70th Ave.<br>Hyattsville, MD 20784.<br><br>On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No.: 22-02672 (CKK) |

## Notice of Supplemental Authority

Plaintiffs file this notice of supplemental authority to submit additional authority which is relevant to this Court's decision making regarding the District's pending motion to dismiss. The Ninth Circuit recently issued its decision in *Rhode*

*v. Bonta*, 2025 U.S. App. LEXIS 18474 (attached) which found California's background check law for ammunition violates the Second Amendment. This opinion supports Plaintiffs' arguments that the challenged regulations violate the Second Amendment in several key ways.

First, *Rhode* refutes the District's argument that loyalty oaths are a relevantly similar historical analog to the challenged regulations. *See* District's Third Motion to Dismiss ("MTD") at 37, 38. In *Rhode*, the Ninth Circuit found "because the problem of ensuring that citizens are loyal to the United States by requiring a one-time loyalty oath is not analogous to California's recurring ammunition background check rules, these historical laws are not relevant." *Rhode v. Bonta,* 2025 U.S. App. LEXIS 18474*, *37.

Second, *Rhode* demonstrates that the District's reliance on footnote 9 of the *Bruen* opinion and its language about shall-issue jurisdictions is misplaced. *See* MTD at 20-21. *Rhode* found "the Supreme Court indicated that shall-issue regimes may be constitutional, but did not hold that they were *per se* consistent with the Second Amendment." *Rhode v. Bonta*, 2025 U.S. App. LEXIS 18474, *49. The *Rhode* court went on to "reject the dissent's contention that an analysis of *Bruen*'s footnote regarding shall-issue licensing regimes must precede the application of Bruen's two-step framework." *Id* at *51. And it went on to analyze the California law under *Bruen's* historical test. "*Bruen* made clear that it did not rule out

constitutional challenges to shall-issue regimes 'where, for example, lengthy wait times in processing license applications or exorbitant fees deny ordinary citizens their right to public carry.' *Id.* at 38 n.9. *Bruen*'s examples of how shall-issue licensing regimes could be abusive were not exclusive." *Id* at *52. The challenged regulations are at a bare minimum abusive. Thus, while Plaintiffs maintain that this Court should analyze the challenged regulations as a may-issue scheme, even if this Court views the District's system as shall-issue, *Rhode* supports a finding that the challenged regulations are unconstitutional.

Third, *Rhode* refutes the District's use of surety law to justify the challenged regulations. MTD at 35-36. "The "how" of the surety laws was to impose a judicial process that required a person who was likely to engage in future misbehavior to post a bond, i.e., a type of insurance, for a time-limited period." *Rhode v. Bonta*, 2025 U.S. App. LEXIS 18474, *42. "By contrast, California's ammunition background check regime is imposed on all residents of California, without any judicial process establishing that any such resident is likely to disturb the peace in the future. Nor is California's ammunition background check regime limited in time." *Id* at *42-43 "That the surety laws were 'comparably justified' by the problem of dangerous individuals possessing weapons further demonstrates that the unprecedented burden imposed by the 'how' of California's ammunition background check regime is not 'consistent with this Nation's historical tradition of

firearm regulation.' " *Id* at *43. Similarly, the challenged regulations prohibit the exercise of Second Amendment rights without a judicial determination that a person is dangerous. Thus, *Rhode* supports Plaintiffs' argument that surety laws are not relevantly similar to the challenged regulations.

Fourth, *Rhode* supports Plaintiffs' argument that the District's late 19th Century history should not be given much weight. The District relies upon licensing laws from the late 19th and early 20th Century. MTD at 49-50. "[T]hese rules were enacted years after Reconstruction, and so are entitled to less weight." *Rhode v. Bonta*, 2025 U.S. App. LEXIS 18474, *39. "These rules were put in place many years after the Reconstruction, and so are entitled to little weight in deciding whether California's ammunition background check regime are analogous to historical regulations." *Id* at *47. This Court should rely on *Rhode* and find the District's late in time history is of little to no value in deciding this case.

For the foregoing reasons and those laid out in the briefing, the District's motion to dismiss should be denied.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579 | /s/ Alan Alexander Beck<br>ALAN ALEXANDER BECK<br>D.C. Bar # HI001 |

| | |
|---|---|
| 717 D Street, N.W<br>Suite 300<br>Washington, DC 20006<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com<br><br>Counsel for Sanu Millard, Kenneth Hope, and Keontae Steptoe on behalf of themselves and the putative class members | 2692 Harcourt Drive<br>San Diego, CA 92123<br><br><br>Email alan.alexander.beck@gmail.com<br><br>Counsel for Sanu Millard, Kenneth Hope, and Keontae Steptoe on behalf of themselves and the putative class members |